UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

TENISHA ROBINSON,

                 Plaintiff,                 **DECISION AND ORDER**

                                                    09 Civ. 4314 (CS)(GAY)

          -against-

THE MOUNT PLEASANT MEDICAL
GROUP, LLC, CAROLINE CAMMARATA,
DORIS MASBACK, ADAM WHITEHEAD,
ALLAN LIND, ANDREW LOWE, and
MITCHELL FENSTER,

                 Defendants.

-------------------------------------------------------------------------x

    Plaintiff has moved to amend the complaint herein to assert an additional claim for

race discrimination under 42 U.S.C. § 1981.  The complaint presently sets forth claims

of race discrimination under Title VII and the New York State Human Rights Law.

Defendants oppose the motion contending that plaintiff has not demonstrated "good

cause" to amend the complaint after the time to do so under the Civil Case Discovery

Plan and Scheduling Order has expired.  Oral argument on the motion was heard on

April 12, 2010.  The Court reserved decision at that time.

    Said scheduling order established a deadline of September 25, 2009 for amended

pleadings applications to be filed.  Plaintiff filed the subject motion to amend the

complaint by letter dated February 19, 2010.  Plaintiff explains that the failure to include

a Section 1981 claim was an oversight that she attempted to quickly correct as soon as

they became aware of it.

Parties seeking to amend complaints after the date set forth in a scheduling order must satisfy the "good cause" standard of Fed.R.Civ.P. 16.  Said standard is more stringent than the liberal test to bring amended pleading under Rule 15(a) that provides leave to amend should be granted when "justice so requires."

Rule 16 "good cause" turns primarily on the diligence of the moving party.  Kassner v. 2nd Avenue Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007).  "At a minimum, good cause requires a showing by the moving party of an objectively sufficient reason for extending a deadline such that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." Michael Grecco Photography, Inc v. Everett Collection, Inc., No. 07 Civ. 8171, 2008 WL 4580024 at *2 (S.D.N.Y. Oct. 14, 2008)  Moreover, the "mistake or inadvertence of counsel will not support a finding of good cause." Id. (Internal citations omitted).  Rule 16(b) serves an important function in ensuring fairness, certainty, and expedition of litigation.  Sokol Holdings, Inc. v. BMB Munai, Inc., No. 05 Civ. 3749, 2009 WL 3467756 *6 (S.D.N.Y. Oct. 28, 2009).

Here, the Court concludes that "good cause" has not been demonstrated.  The fact that plaintiff may have moved to amend promptly after becoming aware of the oversight in not including a Section 1981 claim would not constitute diligence under Rule 16.  Accordingly, the motion to amend the complaint is denied.

SO ORDERED:

Dated: April 27 2009
White Plains, New York

GEORGE A. YANTHIS, U.S.M.J.

2